UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD COOPER,

                Plaintiff,

v.

ROBERT DUNLAP et al.,

                Defendants.

Case No. 25-11347
Honorable Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NOS. 39, 41), ADOPTING THE REPORTS AND RECOMMENDATIONS (ECF NOS. 38, 40), GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 23, 31), AND DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1)**

Plaintiff Ronald Cooper ("Cooper"), a pretrial detainee proceeding pro se, initiated this civil lawsuit against defendants Robert Dunlap, Williams Dickerson, T. Tech, L. Street, Shavon Fowler, Marquetta Martin, and Nzinga Wynn, claiming unsafe conditions of confinement, use of excessive force, and confiscation of property arising out of and in connection with this custodial stay at the Wayne County Jail. ECF No. 1. This case was referred to the assigned magistrate judge for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 11.

Page **1** of **5**

Defendants Fowler, Wynn, Martin, and Dunlap ("moving defendants") moved to dismiss Cooper's complaint. ECF Nos. 23, 31. The magistrate judge issued two Reports and Recommendations ("R&R"). The first R&R ("R&R 1") recommends dismissal without prejudice of Cooper's claims against defendants Dickerson, Street, and Tech ("nonmoving defendants") for insufficient service of process.[1] ECF No. 38. The second R&R ("R&R 2") recommends granting the moving defendants' motions to dismiss for failure to state a claim. ECF No. 40. Cooper filed timely objections to both R&Rs, and the moving defendants filed a response to Cooper's objections addressing their motions to dismiss. ECF Nos. 39, 41, 43.

Under Federal Rule of Civil Procedure 72(b)(2), a party may object to and seek review of a magistrate judge's report and recommendation. Any objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge, and a court may not act

---

[1] As explained in R&R 1, Cooper failed to provide adequate information for these defendants to be served by the U.S. Marshal Service ("USMS"). *See* ECF No. 38.

solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, a court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). In other words, objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources

rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id*. Accordingly, when an objection merely reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.,* 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017)).

Here, in Cooper's objection to R&R 1, he agrees to the dismissal of Dickerson but not Street and Tech. Cooper argues, without evidence, that either Tech and Street were on notice of this action and are evading service, or that they were served and refuse to answer. Cooper does not address the conflicting information set forth by the magistrate judge in R&R 1—that "Sgt. E. Tech" and "Officer L. Street" could not be identified to be served. Because Cooper fails to articulate a specific error made by the magistrate judge, his objection is overruled

Likewise, Cooper's objections to R&R 2 merely reiterate the arguments he made to the magistrate judge in opposition to defendants' motions to dismiss and asks the Court to make an alternate conclusion. The Court thus reviewed R&R 2 for clear error, and found none.

Accordingly, the Court **OVERRULES** Cooper's objections (ECF Nos. 39, 41) and **ADOPTS** the R&Rs (ECF Nos. 38, 40) as the findings and conclusions of the Court. The Court **GRANTS** defendants' motions (ECF Nos. 23, 31) and **DISMISSES** Cooper's claims against them. Defendants Dickerson, Street, and Tech are **DISMISSED WITHOUT PREJUDICE**. This case is now closed.

**IT IS SO ORDERED.**

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: June 30, 2026